## Luke A. MOORMAN, Jr. *v.* PULASKI COUNTY DEMOCRATIC PARTY et al

80-199                                           611 S.W. 2d 519

Supreme Court of Arkansas
Opinion delivered February 16, 1981

*Henry N. Means*, for appellant.

*Mark A.Stodola, Kirby Smith, Hugh L. Brown*, and *Larry L. Page*, for appellees.

*James F. Lane*, for amicus curiae.

GEORGE ROSE SMITH, Justice. This is a taxpayer's action brought by the appellant Moorman against the Pulaski County Democratic Party, its County Committee, the County Election Commission, the County Judge, and the County Quorum Court. Essentially, the complaint attacks the validity of two statutes, one permitting quorum courts to appropriate public funds to pay any part of the expenses of primary elections and the other permitting political parties to require candidates to pay ballot fees to run for nomination in a primary election. Ark. Stat. Ann. §§ 3-102 (g) and 3-109

(Repl. 1976 and Supp. 1979). The complaint asks that the statutes be declared unconstitutional, that Pulaski County (not a party to the suit) be awarded a judgment against the Democratic Party for amounts appropriated and paid by the County toward the expense of Democratic primaries in 1976 and 1978, and that the County be enjoined from making such payments in the future. This appeal is from a judgment sustaining the defendants' motion to dismiss the complaint for failure to state a cause of action and dismissing the action.

We first consider the plaintiff's attack on the statute authorizing a county to contribute to the cost of a primary election held by any political party. Here the plaintiff's major premise, fundamentally and inescapably, is that such an expenditure is for a private purpose rather than for a public one. On that theory the complaint alleges that the Democratic Party is using its ballot fees to pay routine party expenses rather to pay the cost of its primary elections. Hence, it is asserted, the Party should reimburse the County for any amounts paid by it for the cost of primary elections.

The flaw in this argument lies in the invalidity of its basic premise. More than 30 years ago we held that primary elections are part of the state's election machinery and may therefore be paid for with public money. *Adams* v. *Whittaker*, 210 Ark. 298, 195 S.W. 2d 634 (1946). More recnetly the Supreme Court has expressed the same view, in this language: "But it is far too late to make out a case that the party primary is such a lesser part of the democratic process that its cost must be shifted away from the taxpayers generally. The financial burden for general elections is carried by all taxpayers and appellants have not demonstrated a valid basis for distinguishing between these two legitimate costs of the democratic process." *Bullock* v. *Carter*, 405 U.S. 134 (1972). It follows that a political party is not under any constitutional obligation to pay the cost of its own primary elections. Hence the use of ballot fees to pay party expenses rather than election costs cannot be said to be an indirect means of applying public money to a private purpose.

Second, Moorman's attack upon the statutory authorization for the imposition of ballot fees must also fail.

In the *Bullock* case, just cited, the court held that the imposition of excessive ballot fees, ranging as high as $8,900 for a county office, was a denial of the equal protection of the law, because only a wealthy person could pay the fee and qualify as a candidate in the primary. Here Moorman alleges, as a conclusion of law, that the ballot fees collected in 1976 and 1978 "were unreasonably high." No figures are given. In fact, the complaint alleges that Moorman does not know the total amount of the ballot fees collected. There is no assertion of any standard to support the allegation that the fees were unreasonably high. Moreover, Moorman does not state that he himself was a candidate or prospective candidate in a primary; he merely challenges the fees as a citizen and taxpayer. Our Civil Procedure Rule 8 requires that a pleading state "facts showing that the pleader is entitled to relief." An allegation that a fee was unreasonably high is a conclusion, not a statement of fact. Hence Moorman has not asserted a factual basis for the allegation that the imposition of ballot fees by the Democratic Party in 1976 and 1978 was contrary to any principle of constitutional law.

We do not consider an issue argued in an *amicus curiae* brief, because such a person must take the case as he finds it and cannot inject new issues. *Giles* v. *State*, 261 Ark. 413, 549 S.W. 2d 479 (1977), cert. den. 434 U.S. 894 (1977).

Affirmed.