The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, Arkansas 71851
Dear Representative Tullis:
This is in response to your request for an opinion on the following questions:
 1. May a candidate for municipal judge file and run in a partisan preferential primary?
 2. Are there any circumstances which would prohibit a candidate for municipal judge from filing and running in a partisan preferential primary?
The answer to your first question is, generally, yes with respect to a candidate who is seeking the nomination of a political party. This clarification is necessary in light of the Arkansas Supreme Court's indication that an attempt to provide for the final election of a municipal judge in a party primary will be invalidated. See Mears v. City of Little Rock, 256 Ark. 359,586 S.W.2d 750 (1974). The court in that case invalidated a statute (A.C.A. 14-47-10) which provides for the election of city directors at the preferential primary election. The decision was based upon the Court's determination that many qualified voters, such as independents and third party members, who do not participate in the Democratic and Republican primaries would be disenfranchised if the election were held at those primaries.
This answer also assumed that the political party whose nomination the candidate seeks has decided to conduct a partisan preferential primary. It should be noted that a municipality is not obligated, nor can it be forced to hold such an election. See Opinion No. 84-55, copy attached; Robinson v. Holman, 181 Ark. 428, 26 S.W.2d 66
(1930).
In response to your second question, it is difficult to envision, in the absence of a particular set of facts, all circumstances which may operate to preclude a candidate for municipal judge from filing and running in a partisan preferential primary. As previously noted, the Supreme Court has indicated that the primary cannot serve as the forum for the candidate's final election to office. It must be recognized, moreover, that the political parties are under no obligation to conduct a partisan primary election.
A determination must also be made with respect to the applicability of the general election laws to this particular candidacy. Section 3 of Act 251 of 1985, codified as Ark. Code Sec. 16-17-503 provides, for example, for the appointment of the municipal judge by the mayor with the approval of the city's governing body. This Act applies to municipal courts created in cities with a population of less than 2,400 persons.
It becomes apparent that a conclusive response to your second question cannot be provided in the absence of specific facts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Attachment
Opinion No. 84-55
February 23, 1984
Representative Ted E. Mullenix Route 1, Box 271-J Pearcy, AR 71964
RE: Non-partisan Election to Elect City Officials
Dear Representative Mullenix:
This opinion is in response to your request for answers to the following questions:
 1. Can the Democratic or Republican party force city officials to hold partisan elections?
 2. If either party fails to go along with the other on a joint primary election, who pays the costs?
The answer to your first question is no, at least as far as general and special elections are concerned. However, a primary election is something that is unique to the political party. Ark. Stat. Ann. 3-101(b) (1976 Repl.), defines "primary election as follows:
 (b) "primary election" shall mean any election held by a political party in the manner provided by law for the purpose of selecting nominees of said political party for certification as candidates for election at any general or special election in this State.
Therefore, a candidate for a political party must be certified at a primary election. Ark. Stat. Ann. 3-105(b) (1976 Repl.), provides the method by which a candidate of a political party for a municipal office can be certified. This statute provides that:
 The name of no person shall be printed on the ballot in any general or special election in this State as a candidate for election to any office unless such person shall have been certified as a nominee selected as follows:
 (a) Nominees of any political party for . . . (b) township or municipal office . . . to be voted upon at a general election shall be certified as having received a majority of the votes cast for said office, or as an unopposed candidate, at a primary election held by such political party in the manner provided by law.
Subsection (c) of the same statute provides the method by which an independent candidate is certified. Of course an independent the candidate's name would be printed on the ballot without affiliation to any political party. Subsection (c) provides for certification of independent candidates as follows:
 "Therefore, any person desiring to have his name placed upon the ballot as an independent candidate without political party affiliation for any state, county, township or district office in any general election in this State shall file as an independent candidate in the manner provided herein no later than the date fixed by law as the deadline for filing political practice pledges and party pledges if any be required by the rules of the party to qualify as a candidate of a political party in a primary election, and shall furnish at the time he files as an independent candidate petitions signed by not less than three percent (3%) of the qualified electors in the county, township or district in which such person is seeking office, but in no event shall more than 2,000 signatures be required for a district office; . . . each of whom shall be a registered voter and such petitions shall be directed to the official with whom such person is required by law to file nomination certificates to qualify as a candidate requesting that the name of such person be placed on the ballot for election to the office mentioned in the petition. Such petitions shall be circulated not earlier than sixty (60) calendar days prior to the deadline for filing such petitions to qualify as an independent candidate. In determining the number of qualified electors in any county, township, district or in the State, the total number of votes cast therein for all candidates in the preceding general election for the office of Governor shall be for the purposes hereof. Independent Candidates for municipal office may qualify by petition of not less than ten (10) nor more than fifty (50) electors of the ward or city in which the election is to be held."
It is important to note that a city is not obligated nor can it be forced into holding a partisan primary election. A partisan primary is solely the responsibility of the political party to organize and conduct.
Ark. Stat. Ann. 3-102(g) (1976 Repl.), provides the answer to your second question. This statute provides:
 "Subject to the provisions of this Act (3-101 — 3-1306) and other applicable laws of this State, organized political parties shall . . . (g) pay the expenses of their own primary election; Provided, however that any part of the expenses of a primary election may be paid by a county whenever an appropriation therefore (therefor) is made by the quorum court of the county."
Moorman v. Pulaski Co. Democratic Party, 271 Ark. 908, 611 S.W.2d 519
(1981), provides, that primary elections are part of the State's election machinery and may therefore be paid for with public money. Therefore, in answer to your second question the political party should pay the expenses of their own primary, however, the quorum court can appropriate county money to pay any part of these expenses.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.